1  Jeremy E. Shulman (#257582)
2    jshulman@afrct.com
   Matthew J. Pero (#130746)
3    mpero@afrct.com
   ANGLIN, FLEWELLING, RASMUSSEN,
4    CAMPBELL & TRYTTEN LLP
5  199 S. Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
6  Telephone: (626) 535-1900
   Facsimile:  (626) 577-7764
7
8  Attorneys for Defendant,
9  WACHOVIA MORTGAGE, a division of WELLS
   FARGO BANK, N.A., formerly known as Wachovia
10 Mortgage, FSB, formerly known as World Savings
   Bank, FSB ("Wachovia")
11
12

13            UNITED STATES DISTRICT COURT

14   CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

15                                          SACV11-28 JVS(MLGx)

16  ALONZO MITCHELL, an individual,    CASE NO.:

17              Plaintiff,

18                                      NOTICE OF REMOVAL BY
                                        WACHOVIA MORTGAGE, A
19       vs.                            DIVISION OF WELLS FARGO
                                        BANK, N.A. PURSUANT TO
20  WACHOVIA MORTGAGE, a division of   28 U.S.C. § 1332
   WELLS FARGO BANK, N.A. and DOES
21  1 through 50.
                                        [DIVERSITY JURISDICTION]
22            Defendants.

23

24

25

26

27

28

**TO PLAINTIFF AND HIS COUNSEL OF RECORD, THE CLERK OF THE**

**ABOVE-ENTITLED COURT AND THE HONORABLE UNITED STATES**

**DISTRICT JUDGE, AS ASSIGNED:**

**PLEASE TAKE NOTICE** that Defendant WACHOVIA MORTGAGE, a

division of WELLS FARGO BANK, N.A., formerly known as Wachovia

Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wachovia"),

submits this Notice of Removal on the grounds of diversity of citizenship, pursuant

to 28 U.S.C. § 1332, *et seq.* and hereby removes to this Court, the state court action

described below.

1.    THE STATE COURT ACTION:

On December 28, 2010, Case No. 30-2010-00436313, entitled *Mitchell v.*

*Wachovia Mortgage, a division of Wells Fargo Bank, N.A., et al.*, was filed with the

Superior Court of the State of California, County of Orange (the "State Court

Action").  A copy of the complaint that Plaintiff served on Defendant Wachovia in

the State Court Action is attached hereto as Exhibit A.  Attached as Exhibit B are

copies of all other papers in Wachovia's possession from the State Court Action.

2.    JURISDICTION:

A.    Diversity of Citizenship.

This court has jurisdiction of this case under 28 U.S.C. § 1332 because the

citizenship of the parties is entirely diverse.

Plaintiff ALONZO MITCHELL is a citizen of California based on domicile,

as he alleges property ownership and residence at his "principal residence" located

in Orange County, California.  (Comp. ¶ 1, 7, 9).  *Heinz v. Havelock*, 757 F.Supp.

1076, 1079 (C.D. Cal. 1991) (residence and property ownership a factor in domicile

for diversity jurisdiction); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520

(10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place

of residence is prima facie the domicile.")].

/ / /

1    Defendant WACHOVIA MORTGAGE, a division of WELLS FARGO

2    BANK, N.A., is a citizen of the state where its main office is located, for diversity

3    jurisdiction purposes. *Wachovia Bank v. Schmidt,* 546 U.S. 303, 306-307 (2006)

4    (main headquarters of a national association is the sole consideration for citizenship

5    in diversity jurisdiction, without regard to where it has offices or branches). 28

6    U.S.C. § 1348. Wells Fargo is a citizen of South Dakota, with its main office

7    located in Sioux Falls, South Dakota. Attached as <u>Exhibit C</u> is a true and correct

8    copy of the FDIC Profile, and a copy of the Articles of Association for Wells Fargo

9    Bank, National Association, as issued by the Office of the Comptroller of the

10   Currency Administrator of National Banks, reflecting that Wells Fargo is

11   headquartered in Sioux Falls, South Dakota. *Cochran v. Wachovia Bank, N.A.,*

12   2010 U.S. Dist. LEXIS 38379, *2 (C.D. Cal. 2010); *Deleon v. Wells Fargo Bank,*

13   *N.A.,* 2010 U.S. Dist. LEXIS 62499 *7 (N.D. Cal. 2010) and *Nguyen v. Wells*

14   *Fargo,* 2010 U.S. Dist. LEXIS 113246 *14 (N.D. Cal. Oct. 25, 2010).

15        As established by these facts, there is complete diversity of citizenship of the

16   parties in this case under 28 U.S.C. §1332(a).

17        B.    <u>Amount in Controversy</u>.

18        Generally, "[t]he amount in controversy is determined from the allegations or

19   prayer of the complaint." Schwarzer, *Fed. Civ. Proc. Before Trial, supra,* ¶ 2:450

20   (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)

21   (held that an inability to recover an amount adequate to give the court jurisdiction

22   does not oust the court of jurisdiction). "In actions seeking declaratory or

23   injunctive relief, it is well established that the amount in controversy is measured

24   by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver.*

25   *Comm'n,* 432 U.S. 333, 347 (1977) superseded by statute on other grounds as stated

26   in *United Food & Commer. Workers Union Local 751 v. Brown Group,* 517 U.S.

27   544, 557 (1996). "If the primary purpose of a lawsuit is to enjoin a bank from

28   selling or transferring property, then the property is the object of the litigation."

1   *Reyes, et al. v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, *12-13
2   (N.D. Cal. 2010) (M.J. Spero presiding).
3        Plaintiff's complaint alleges that, in 2005, he obtained a $685,000.00 loan
4   from World Savings Bank, FSB (renamed and now known as Wachovia Mortgage,
5   a division of Wells Fargo Bank, N.A.) (hereinafter, "Wachovia").  That loan was
6   secured by a Deed of Trust encumbering the subject property located at 15871 Las
7   Solonas Street, Westminster, CA 92683.  (Comp. ¶¶ 7, 8).  (*See* Deed of Trust,
8   attached as Exhibit "1" to the Complaint).  The said Deed of Trust shows the
9   original loan amount as $548,000.00.
10        Here, Plaintiff seeks to enjoin Wachovia from foreclosing on the subject
11   property and for a judgment rescinding the completed foreclosure.  (Comp. ¶¶ 48-
12   49 and Prayer for Relief as to: 1st cause of action ¶ 1; 2nd cause of action ¶ 3; and
13   3rd cause of action ¶¶ 1, 3).  That would mean, at a minimum, the original principal
14   amount of the loan, $548,000.00, would not be repaid to Wachovia, should Plaintiff
15   prevail in this lawsuit.  Additionally, Plaintiff prays for an award of compensatory
16   and special damages; an award of attorneys' fees and costs of suit; and other and
17   further relief as the court deems just and proper.  (Comp. Prayer for Relief as to:
18   1st cause of action ¶¶ 2, 3; 2nd cause of action ¶¶ 1-2, 4; 3rd cause of action ¶¶ 2-3, 5;
19   and 4th cause of action ¶¶ 2-5).
20        Since Plaintiff seeks to rescind a $685,000.00 loan transaction, this meets the
21   amount in controversy threshold.  "[S]ince Plaintiffs seek injunctive relief, the
22   amount in controversy is measured by the value of the object of the litigation."
23   *Cabriales v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 24726 * 11 (N.D. Cal.
24   2010) (M.J. James presiding) (denying motion to remand because amount in
25   controversy met in action seeking injunctive relief; loan there was $465,000);
26   (amount in controversy satisfied where injunctive relief sought in wrongful
27   foreclosure case).  *Reyes, supra* at * 16 (amount in controversy satisfied where
28   injunctive relief sought in wrongful foreclosure).

1     3.    <u>INTRADISTRICT ASSIGNMENT</u>.

2     This case is being removed to the Central District of this Court – Southern

3 Division because the action was filed in the Superior Court for the County of

4 Orange, this federal judicial district.

5     4.    <u>TIMELINESS</u>:

6     This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because it is being

7 filed within 30 days of Plaintiff's service of process (*i.e.*, the summons and

8 complaint in the State Court Action) on Wachovia, which occurred on December

9 29, 2010, via personal service.  Wachovia has not appeared in the State Court

10 Action.  As Wachovia is the only named defendant in this action, and no doe

11 defendants have been identified or served, no joinder of unserved defendants is

12 required to perfect removal of the State Court Action.  *Salveson v. Western States*

13 *Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984).

14     5.    Pursuant to 28 U.S.C. § 1446(a), Defendant files this Notice in the

15 District Court of the United States for the district within which the State Court

16 Action is pending.

17     6.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice with its

18 attachments will promptly be served on Plaintiff's counsel in the State Court Action

19 and notice thereof will be filed with the clerk of the Superior Court of California,

20 County of Orange.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    WHEREFORE, Wachovia hereby removes the State Court Action to the

2  United States District Court for the Central District of California – Southern

3  Division.

4                                   Respectfully submitted,

5  Dated:  January 5, 2011          ANGLIN, FLEWELLING, RASMUSSEN,
                                    CAMPBELL & TRYTTEN, LLP
6

7                                   By:  _____

8                                        Matthew J. Pero, Esq.
                                         mpero@afrct.com
9                                   Attorneys for Defendant,

10                                  WACHOVIA MORTGAGE, a division of
                                    WELLS FARGO BANK, N.A., formerly
11                                  known as Wachovia Mortgage, FSB,
                                    formerly known as World Savings Bank,
12                                  FSB ("Wachovia")

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

Moses S. Hall, Esq., (SBN 153759)
**LAW OFFICE OF MOSES S. HALL**
2651 E. Chapman Avenue, Suite 110
Fullerton, California 92831
Telephone: (714) 738-4830
Fax: (714) 992-7916

Attorney for Plaintiff,
Alonzo Mitchell

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**DEC 28 2010**

ALAN CARLSON, Clerk of the Court

BY: _____R. LUCEY_____ .DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

| | |
|---|---|
| ALONZO MITCHELL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A. and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. : **30-2010**<br>**0 0 4 3 6 3 1 3**<br>COMPLAINT FOR:<br><br>1. WRONGFUL FORECLOSURE BASED UPON STATUTORY VIOLATIONS<br>2. BREACH OF CONTRACT<br>3. CANCELLATION OF NOTICE OF DEFAULT<br>4. UNFAIR BUSINESS PRACTICES UNDER PROFESSIONS CODE 17200 SEQ.<br>**JUDGE FRANCISCO F. FIRMAT**<br>**DEPT. C15**<br>Civil Code section 2923.5 Case |

I.    **COMMON ALLEGATIONS**

Plaintiff ALONZO MITCHELL alleges:

1.    At all relevant times herein, Plaintiff was an individual residing in the County of Orange, State of California.

2.    Defendant WACHOVIA MORTGAGE (hereinafter referred to as "WACHOVIA") is a division of WELLS FARGO BANK, N.A. which was doing business as a real estate financial lender or loan servicer.

3.    The true names or capacities, whether individual, corporate, associate or otherwise

Complaint

1  of Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiffs who
2  therefore sue said Defendants by such fictitious names, and Plaintiffs will amend this complaint
3  to show their true names and capacities when the same have been ascertained.

4      4.   At all times relevant herein, each of the Doe Defendants was the agent, servant,
5  representative and/or employee of each of the remaining Defendants and was at all times acting
6  within the course and scope of such agency and/or employment, or was in some way the cause of
7  Plaintiffs' damage.

8      5.   The complained of actions occurred from 2009 and continue throughout 2010, well
9  within all applicable statutes of limitation.

10                        **PLAINTIFF'S CAUSES OF ACTION**
11                             **FIRST CAUSE OF ACTION**
12          **WRONGFUL FORECLOSURE BASED ON STATUTORY VIOLATIONS**
13                            **(Against All Defendants)**

14     6.   Plaintiff incorporates paragraphs 1 through 5, inclusive, as though fully set forth
15 herein.

16     7.   Plaintiff, at all times relevant to this Complaint, was the owner of the real property
17 commonly known as 15871 Las Solonas Street, Westminster, California 92683. This property
18 will hereinafter be referred to as "Subject Property."

19     8.   On or about May 19, 2005, Plaintiff obtained a thirty-year mortgage from World
20 Savings Bank, FSB in the amount of $685,000.00 for the Subject Property. A true and correct
21 copy of said mortgage is attached as **Exhibit "1"** to this complaint and is incorporated by this
22 reference as though set out in its entirety.

23     9.   Plaintiff owned and continually occupied, as his principal residence, the real
24 property subject to the aforementioned mortgage.

25     10.  Subsequently, the mortgage was acquired in some fashion by defendant
26 WACHOVIA.

27     11.  On or about early 2010, WACHOVIA initiated a non-judicial foreclosure proceeding
28 on Plaintiff's residence, by causing a Notice of Default and Election to Sell under Deed of Trust

                                    Complaint

1 │ to be recorded against Plaintiff's residence.

2 │     12. At no time prior to the filing of the notice of default was Plaintiff contacted by
3 │ Defendants; nor was he given an opportunity to explore any options in avoiding foreclosure.

4 │     13. On or about November 26, 2010, WACHOVIA recorded a Notice of Trustee's Sale
5 │ on the Subject Property. The sale is set for December 29, 2010. A true and correct copy of the
6 │ Notice of Trustee's Sale is attached as **Exhibit "2."**

7 │     14. Civil Code section 2923.5(a)(2) mandates that certain contact occur between the
8 │ mortgagee, beneficiary, or authorized agent and the borrower before a notice of default can be
9 │ filed.

10 │     15. Prior to filing the Notice of Default, Defendants did not contact Plaintiff pursuant to
11 │ the requirements of Civil Code section 2923.5.

12 │     16. As such, Defendants have violated Civil Code section 2923.5.

13 │     17. Civil Code section 2923.5(f) allows for the borrower to designate a housing
14 │ counseling agency, attorney or other advisor to discuss the borrower's financial situation and
15 │ options for the borrower to avoid foreclosure with the mortgagee, beneficiary, or authorized
16 │ agent, on the borrower's behalf.

17 │     18. This contact between the mortgagee, beneficiary, or authorized agent and the
18 │ borrower's designated person must be in compliance with Civil Code section 2923.5(a)(2).
19 │ Although, "any loan modification or workout plan offered at the meeting by the mortgagee,
20 │ beneficiary, or authorized agent is subject to approval by the borrower."

21 │     19. Civil Code section 2923.5(f) references a loan modification or workout plan, which
22 │ Plaintiffs allege references the loan modification and workout plans outlined in Civil Code
23 │ section 2923.53 in order to obtain an exemption from Civil Code section 2923.52.

24 │     20. Civil Code section 2923.52 requires an additional ninety (90) days to the current
25 │ notice requirements of Civil Code section 2924 in order for the parties to pursue options in
26 │ avoiding foreclosure.

27 │     21. Civil Code section 2923.52 contains an exemption for loans that are serviced by
28 │ mortgage loan servicers if the servicer has obtained a current and valid order of exemption

Complaint

1   pursuant to California Civil Code section 2923.53.

2       22.  Civil Code section 2923.53 outlines the requirements for a "comprehensive loan
3   modification program" that allows the mortgagee, beneficiary, authorized agent, or servicer to
4   obtain an exemption from the additional 90 days required by Civil Code section 2923.52.

5       23.  WACHOVIA applied for, and was granted an exemption to Civil Code section
6   2923.52 based upon their representations to the Department of Corporations concerning a
7   comprehensive loan modification program, meeting the requirements of Civil Code section
8   2923.53.

9       24.  These programs under Civil Code section 2923.53(a) must be "intended to keep
10  borrowers whose principal residences are homes located in California in those homes when the
11  anticipated recovery under the loan modification or workout plan exceeds the anticipated
12  recovery through foreclosure on a net present value basis." Also, the programs must target "a
13  ratio of the borrower's housing-related debt to the borrower's gross income of 38 percent or less,
14  on an aggregate basis in the program."

15      25.  Furthermore, "when determining a loan modification solution for a borrower under
16  the loan modification program, the servicer seeks to achieve long-term sustainability for the
17  borrower." Civil Code section 2923.53 (a)(4).

18      26.  Plaintiff alleges that the loan modification and/or workout plan referred to in Civil
19  Code section 2923.5(f) refers to a modification and/or workout plan outlined in Civil Code
20  section 2923.53.

21      27.  Plaintiff further alleges that if the meeting had occurred, as required by Civil Code
22  section 2923.5(a)(2), and referenced in Civil Code section 2923.5(f) as considering a loan
23  modification or workout plan, a loan modification would have indefinitely been offered by the
24  mortgagee, beneficiary, or authorized agent as Plaintiff's loan meets the requirements of Civil
25  Code sections 2923.53(a)(1) and (a)(2).

26      28.  Plaintiff alleges that by failing to utilize the considerations provided in Civil Code
27  section 2923.53(a)(1), (a)(2) and (a)(4) when contacting Plaintiff, Defendants have violated Civil
28  Code section 2923.5.

Complaint

1        29. As such, the foreclosure proceedings that have taken place Plaintiff's property have
2    been wrongfully initiated as Defendants have failed to comply with Civil Code section 2923.5 by
3    failing to consider the provisions of the comprehensive loan modification program(s) outlined in
4    Civil Code section 2923.53.

5        30. Defendants' failure to observe these provisions, coupled with Defendants' failure to
6    make a good-faith attempt to offer Plaintiff options in avoiding foreclosure in accordance with
7    Civil Code section 2923.53, have effectively deprived Plaintiff of his rights under the California
8    foreclosure law as Plaintiff was denied the opportunity to discuss and explore options in avoiding
9    foreclosure as required by California law. Further, Defendants' actions proximately caused
10   Plaintiff to suffer damages in an amount which will be proven at trial.

11       31. Defendants' actions were against public policy because the legislature enacted these
12   provisions to slow the deleterious effects of the current foreclosure crisis. Defendants' actions in
13   not considering the provisions of Civil Code sections 2923.53(a)(1), (a)(2), and (a)(4) during
14   their contact with Plaintiff and failing to consider these provisions when exploring Plaintiff's
15   options in avoiding foreclosure were precisely contrary to the policy behind Civil Code sections
16   2923.5, 2923.52 and 2923.53.

17       32. The Defendants failure to comply with Civil Code section 2923.5 has greatly
18   prejudiced Plaintiff's rights of being afforded the opportunity to discuss his options in avoiding
19   foreclosure with his lender and discussing these options while referencing the comprehensive
20   loan modification outlined in Civil Code section 2923.53 that WACHOVIA has represented that
21   it had.

22       33. As a result of these wrongful acts and omissions, Plaintiff was not properly notified
23   of the pending foreclosure process that was instituted in violation of Civil Code section 2924(b)
24   and 2923.5.

25       34. Defendants' actions proximately caused Plaintiff to suffer damages in an amount
26   which will be proven at trial.

27       35. As a result of these wrongful acts and omissions, Plaintiff has been precluded from
28   properly curing any default in his mortgage and also from all the rights and benefits that go along

Complaint

1 | with a person's ability to own and reside in a home.

2    36. As a result of these wrongful acts and omissions, Plaintiff has been precluded from
3 benefiting from the rights granted by Civil Code sections 2923.5, 2923.52 and also precluded
4 from attempting to modify his current loan to a principal amount and an interest rate which he
5 could not only afford, but would allow him to stay in his home.

6

7    37. In the alternative, Plaintiff alleges that Plaintiff is entitled to special damages in an
8 amount to be proven at trial for costs incurred as a result of Defendants' wrongful actions. These
9 damages include, but are not limited to moving expenses, storage, early relocation fees,
10 temporary lodging etc.

11                         **SECOND CAUSE OF ACTION**

12                           **BREACH OF CONTRACT**

13                          **(As Against All Defendants)**

14    38. Plaintiff incorporates paragraphs 1 through 37, as though fully set forth herein.

15    39. A mortgage is a contract pursuant to California Civil Code section 2920 (a).

16    40. Plaintiff and Defendants entered into a contract when Plaintiff and WACHOVIA
17 entered into the Deed of Trust Agreement. A true and correct copy of the Deed of Trust is
18 attached as **Exhibit "1."**

19    41. Paragraph 26 of said mortgage contains an attorney fee provision awarding
20 reasonable attorney's fees to the prevailing party in connection to any action for foreclosure.
21 Paragraph 15 further provides that any foreclosure on Plaintiff's residence would be performed
22 in accordance with California law.  Furthermore, Paragraph 15 of said mortgage contains a
23 provision that the mortgage shall be governed by California law.

24    42. Therefore, based on the above agreement, Defendants were bound to act in
25 accordance with California law when initiating foreclosure on Plaintiffs' property. Specifically,
26 Defendants were bound to obey, and conform their actions to, California Civil Code sections
27 2923.5.

28    43. Defendants breached the contract when they committed the following acts or

                              Complaint