1  Jeremy E. Shulman (#257582)
   Matthew J. Pero (#130746)
2  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
3  199 S. Los Robles Avenue, Suite 600
   Pasadena, California  91101-2459
4  (626) 535-1900
   (626) 577-7764 Fax
5
   Attorneys for Defendant
6  Wachovia Mortgage, a division of
   Wells Fargo Bank, N.A.,
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 ALONZO MITCHELL, an individual,    )  Case No. 8:11-cv-00028-JVS-MLG
                                      )
12              Plaintiff,            )  Judge James V. Selna
                                      )
13      v.                            )  **NOTICE OF MOTION AND**
                                      )  **MOTION BY DEFENDANT**
14 WACHOVIA MORTGAGE, a division      )  **WACHOVIA MORTGAGE, A**
   of WELLS FARGO BANK, NA,, and      )  **DIVISION OF WELLS FARGO**
15 DOES 1 through 50, inclusive,      )  **BANK, N.A., TO DISMISS**
                                      )  **COMPLAINT  UNDER FRCP**
16                                    )  **12(b)(6); MEMORANDUM OF**
                Defendants.           )  **POINTS AND AUTHORITIES**
17                                    )
                                      )  [FILED WITH SEPARATE REQUEST
18                                    )  FOR JUDICIAL NOTICE]
                                      )
19                                    )
                                      )  Date:     February 28, 2011
20                                    )  Time:     1:30 p.m.
                                      )  Ctrm:     10C
21 _____)

22

23

24 TO PLAINTIFF AND HIS COUNSEL OF RECORD:

25      NOTICE IS HEREBY GIVEN THAT on  February 28, 2011 at 1:30 p.m. in

26 Courtroom 10C of the above-entitled Court located at 411 West Fourth Street, in

27 Santa Ana , California, the Honorable James V. Selna, United States District Court

28 Judge presiding, Defendant Wachovia Mortgage, a division of Wells Fargo Bank,

N.A. ("Wachovia")  will move and hereby moves under Federal Rule of Civil Procedure 12 (b)(6) for an order dismissing each and every purported claim for relief, and the complaint as a whole, of plaintiff Alonzo Mitchell.

Grounds for the motion to dismiss are:

**1.**     **As to all claims for relief:**

Plaintiff lacks standing to pursue each of his claims because the claims are property of the estate of plaintiff's Chapter 7 bankruptcy and the Chapter 7 Trustee is the real party in interest.

**2.**     **First Claim for Relief for: "Wrongful Foreclosure Based Upon Statutory Violations":**

Plaintiff fails to state a claim for relief because: (i) plaintiff fails to allege statutory violations with the requisite specificity; (ii) Civil Code § 2923.5 does not apply to a non-owner-occupied property and recorded public documents reveal that the property is owned by an entity, not the named plaintiff in this case;  (iii) there is no private right of action for violation of Civil Code section 2923.52; (iv) plaintiff fails to allege a valid and viable tender of the indebtedness to support a claim for wrongful foreclosure; and (v) the claim is preempted by the Home Owner's Loan Act.

**3.**     **Second Claim for Relief: Breach of Contract.**

Plaintiff fails to state a claim for relief for breach of contract because: (i) the claim is dependent upon defective claims for alleged statutory violations; (ii) there is no private right of action for the recovery of damages for the alleged violation of Civil Code section 2923.5; and (iii) the state law claim is preempted by the Home Owners' Loan Act.

**4.**     **Third Claim for Relief for "Cancellation of the Notice of Default and all Subsequent Foreclosure Documents".**

Plaintiff fails to state a claim for relief for cancellation of the Notice of Default and all subsequent foreclosure documents because:  (i) the claim is dependent upon

1  defective claims for alleged statutory violations; (ii) the claim fails to allege a valid

2  and viable tender of the indebtedness; and (iii) the claim is preempted by the Home

3  Owners' Loan Act.

4      **5.**      **Fourth Claim for Relief: Violation of California Business &**

5              **Professions Code § 17200, et seq.**

6      Plaintiff fails to state a claim for relief for unfair competition because: (i) the

7  claim is dependent on defective claims for alleged statutory violations; (ii) plaintiff

8  may not recover damages for violation of Business & Professions Code section

9  17200; and (iii) the state law claim is preempted by the Home Owners' Loan Act.

10      Pursuant to Local Rule 7-3, on January 18, 2011, counsel for Wachovia

11  informed plaintiff's counsel of Wachovia's intention to file a motion to dismiss and

12  the grounds in support of the motion, inviting plaintiff's counsel to contact

13  Wachovia's counsel to discuss.  As of the time of filing this motion, counsel for

14  plaintiff has not contacted counsel for Wachovia regarding this motion.

15      This motion is based on this notice, the memorandum of points and authorities,

16  the complaint, the separate Request for Judicial Notice, and on defendant's argument

17  at the hearing, if any.

18                          Respectfully submitted.

19

20  Dated: January 19, 2011      ANGLIN, FLEWELLING, RASMUSSEN,
                                  CAMPBELL & TRYTTEN LLP
21

22

23                          By:   /s/ Matthew J. Pero
                                  Matthew J. Pero
24                                Attorneys for Defendant
                                  Wachovia Mortgage, a division of
25                                Wells Fargo Bank, N.A.

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

1.   INTRODUCTION...........................................................................................1

2.   SUMMARY OF THE COMPLAINT AND FACTS SUBJECT TO
     JUDICIAL NOTICE ...................................................................................2

3.   THE STANDARD OF REVIEW.................................................................3

3.   THE STANDARD OF REVIEW.................................................................3

3.   THE STANDARD OF REVIEW.................................................................3

4.   PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS..................4

     A.   Plaintiff's Chapter 7 Bankruptcy Divests Him Of Standing. ..............4

5.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA ...........................6

     A.   As a Federally Chartered Federal Savings Bank, World Savings
          Bank, FSB Operated Under HOLA. ....................................................6

     B.   OTS Regulations Promulgated Under HOLA Preempt Any State
          Laws Which Affect Loan Origination, Disclosures and Lending
          Regulations..........................................................................................6

     C.   Various Types of State Laws Preempted by HOLA...........................7

     D.   Plaintiff's State Law Claims Are Preempted by HOLA......................8

          1.   Plaintiff's Claim for Wrongful Foreclosure and Dependent
               Breach of Contract Claim Are Preempted By HOLA...............8

          2.   Plaintiff's State Law Claim For Cancellation of Notice of
               Default and Other Foreclosure Documents is Preempted By
               HOLA ...................................................................................10

          3.   Plaintiff's State Law Claim Regarding Violation of
               Business & Professions Code § 17200 Is Preempted By
               HOLA ...................................................................................11

6.   THE FIRST CLAIM FOR WRONGFUL FORECLOSURE FAILS ..........12

7.   THE SECOND CLAIM FOR BREACH OF CONTRACT FAILS FOR
     SIMILAR REASONS ...............................................................................15

8.   THE THIRD CAUSE OF ACTION FOR CANCELLATION OF THE
     NOTICE OF DEFAULT AND SUBSEQUENT FORECLOSURE
     DOCUMENTS LIKEWISE FAILS ............................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.    THE FOURTH CAUSE OF ACTION UNDER BUSINESS & PROFESSIONS CODE § 17200 IS BASED ON THE SAME DEFECTIVE ALLEGATIONS ................................................................. 17

10.   CONCLUSION .......................................................................... 19

CONCLUSION ..................................................................................... 19

1  

## MEMORANDUM OF POINTS AND AUTHORITIES

2  

## 1.   INTRODUCTION.

3  Plaintiff filed this action in state court on December 28, 2010, challenging

4  foreclosure procedures initiated in "early 2010". (Comp. ¶11.)  Plaintiff's claims are

5  based entirely on alleged violations of Civil Code § 2923.5 and § 2923.52.  As

6  detailed below, plaintiff's claims are fatally flawed and should be dismissed.

7  First, plaintiff lacks standing to bring these claims because his claims

8  challenging foreclosure procedures arose, if at all, prior to July 9, 2010, the date of

9  the filing of his Chapter 7 Bankruptcy petition.  The claims are property of the

10  bankruptcy estate and never abandoned by the Chapter 7 Trustee, thus the Chapter 7

11  Trustee is the real party in interest.

12  Second, plaintiff's statutory claims are defective for a number of reasons

13  including inapplicability of Civil Code § 2923.5 to this non-owner-occupied

14  property.  Plaintiff claims to be the owner and occupant of the property (Comp. ¶9),

15  however, the public record reveals that the property was quit claimed in November

16  2005 to an entity which is not a party to this action.  Further, plaintiff fails to allege

17  the statutory violations with specificity, plaintiff acknowledges that Wachovia is

18  exempt from the provisions of Civil Code § 2923.52 (Comp. ¶23), and there is no

19  private right of action challenging such exemption.

20  Plaintiff's statutory claims, and dependent state law claims, are preempted by

21  the Home Owners' Loan Act.

22  Plaintiff is unable to state a valid first claim for wrongful foreclosure without a

23  valid and viable tender of the indebtedness which plaintiff fails to allege.

24  Plaintiff's dependent claims for breach of contract, cancellation of the notice

25  of default and unfair competition fail for all of the above reasons.

26  As plaintiff will be unable to cure the defects in his pleading, this motion to

27  dismiss should be granted without leave to amend.

28  / / /

## 2.   SUMMARY OF THE COMPLAINT AND FACTS SUBJECT TO JUDICIAL NOTICE

On or about May 19, 2005, plaintiff Alonzo Mitchell ("plaintiff") obtained a 30-year mortgage in the original principal sum of $685,000 from World Savings Bank, FSB.  The loan was secured by a Deed of Trust on his real property located at 15871 Las Solnas Street, Westminster, California (the "Property")  (Comp. ¶¶ 7, 8).  In or about January 2008, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB, which then merged into Wells Fargo Bank, N.A. in November 2009. (Request for Judicial Notice, "RJN", Exhs. A-E.)

After obtaining the loan, plaintiff quit claimed the Property to an entity named Zobar, LLC.  (Quit Claim Deed, dated November 14, 2005, RJN Ex. G.)

Plaintiff defaulted on the loan, and Wachovia caused a Notice of Default ("NOD") to be recorded against the property on May 20, 2010. (Comp. ¶11; NOD, RJN, Exh. F).)

Plaintiff filed a petition for Chapter 7 bankruptcy on July 9, 2010.  (RJN, Ex. H.)  Plaintiff failed to list the claims regarding the alleged wrongful foreclosure proceedings that commenced in early 2010.   (Comp. ¶11; RJN, Exh. H.)

Plaintiff has filed this action based entirely and exclusively on two statutory provisions that do not support the causes of action in plaintiff's complaint as a matter of law.

Plaintiff claims the pending foreclosure violated California Civil Code § 2923.5.  However, in a recent California Court of Appeal decision, *Mabry v. Superior Court, 185 Cal.App.4th 208 (2010),* the Court of Appeal held that although there is a private right of action to enforce section 2923.5, the only available remedy is the ability to obtain a delay of an imminent foreclosure to enable the lender to comply with the statute.  Compliance with the statute is simple and straightforward, and there is no requirement that the lender either attempt to or actually modify the borrower's loan.  There is no damage remedy available under section 2923.5.

1  Furthermore, as briefed below, as plaintiff misinterprets the statute's requirements,

2  his claims are preempted by HOLA.

3      Plaintiff also claims the foreclosure violates California's Foreclosure

4  Prevention Act.  The complaint acknowledges and alleges that Wachovia is exempt

5  from the Act.  (Comp. ¶¶21-23.)  There is no private right to action to challenge the

6  exemption, and, even if there were, it would be preempted by HOLA.

7                    3.   **THE STANDARD OF REVIEW**

8      In reviewing a Rule 12(b)(6) motion to dismiss, the Court must assume the

9  truth of all factual allegations and construe inferences in the light most favorable to

10 the non-moving party.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002);

11 *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  While the

12 complaint need not contain detailed factual allegations, "a plaintiff's obligation to

13 provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

14 conclusions, and a formulaic recitation of the elements of a cause of action will not

15 do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "conclusory

16 allegations of law and unwarranted inferences are not sufficient to defeat a motion to

17 dismiss." *Associated Gen. Contractors of Am. v. Metro. Water Dist.*, 159 F.3d 1178,

18 1181 (9th Cir. 1998) (quoting Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998)).

19 "Factual allegations must be enough to raise a right to relief above the speculative

20 level, on the assumption that all the allegations in the complaint are true (even if

21 doubtful in fact)." *Bell Atl.*, 550 U.S., at 555 (citations omitted).  In *Ashcroft v. Iqbal*,

22 ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), the Supreme Court held:

23
24          [T]he pleading standard Rule 8 announces does not require "detailed factual
            allegations," but it demands more than an unadorned, the-defendant-
            unlawfully-harmed-me accusation.  [citation].  A pleading that offers "labels
25          and conclusions" or "a formulaic recitation of the elements of cause of action
            will not do." [citation].  Nor does a complaint suffice if it tenders "naked
26          assertions" devoid of "further factual enhancement."
   *Id.*
27          Under this standard, none of plaintiff's claims survive.

28

### 4.   PLAINTIFF LACKS STANDING TO PURSUE HIS CLAIMS

### A.   Plaintiff's Chapter 7 Bankruptcy Divests Him Of Standing.

Plaintiff's claims in this action became "property of the bankruptcy estate" on the date that he filed a petition for protection under Chapter 7 of the United States Bankruptcy Code on July 9, 2010.  "The widely accepted rule is that after a person files for bankruptcy protection, any causes of action previously possessed by that person become the property of the bankrupt estate."  *Cloud v. Northrop Grumman Corp.*, 67 Cal.App.4th 995, 1001 (1998), citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203-205, fn. 9 (1983) ("'a broad range of property,' including causes of action, is included in the bankruptcy estate"); see also 11 U.S.C. §§ 541(a)(1), 554(d); *In re Lopez (Lopez v. Specialty Restaurants)* 283 B.R. 22, 28 (9th Cir. BAP 2002).  Thus, plaintiff's claims in this action became "property of the bankruptcy estate" as of the Chapter 7 petition date, July 9, 2010.  (The petition and schedules and the Court docket are attached to the RJN as Exh. H, respectively).

"The trustee in a Chapter 7 bankruptcy is the sole representative of the estate.  After a trustee is appointed, the debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 bankruptcy petition was filed.  A debtor can regain standing if a cause of action is abandoned by the trustee.  But a cause of action that was never disclosed in the bankruptcy petition cannot be abandoned."  *Moreno v. Autozone, Inc.,* 2007 U.S. Dist. LEXIS 29432, *10-*11 (N.D. Cal. Apr. 6, 2007) (citations omitted); see also *Snider v. Sherman*, 2007 U.S. Dist. LEXIS 32336, 82-84 (E.D. Cal., Apr. 18, 2007) ("11 U.S.C. § 541(a)(1) provides that a bankruptcy estate is comprised of 'all legal or equitable interests of the debtor in property as of the commencement of the case' and once appointed, the trustee becomes the representative of the estate, and succeeds to the debtor's rights to pursue causes of action which are property of the estate").  Indeed, even in the case where the bankruptcy trustee is discharged, plaintiff still lacks standing.  *Williams v. Kaiser Permanente Div. of Research*, 2000 U.S. Dist. LEXIS 12746 (N.D. Cal. Aug.

1  22, 2000) ("the discharge of her bankruptcy trustee does not provide her with

2  standing." See 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of

3  the estate that is not abandoned under this section and that is not administered in the

4  case remains property of the estate.")").

5       "Thus, in the case of an omitted cause of action, the trustee is the real party in

6  interest and the more correct defenses are that the action is not being prosecuted by

7  the real party in interest and that the debtor lacks standing."  *In re Jones v. Cendant*

8  *Mortgage Corp.*, 396 B.R. 638 *32 (W.D. Penn. 2008); *Tarr v. Merco Const.*

9  *Engineers, Inc*, 84 Cal.App.3d 707 (1978) (where petition in bankruptcy had been

10  filed by plaintiff before he filed complaint, such cause of action had passed to

11  plaintiff's trustee in bankruptcy and plaintiff had no standing to assert it).  Here,

12  plaintiff's alleged causes of action relate to foreclosure proceedings that commenced

13  in "early 2010".  (Comp. ¶11.)  Thus, plaintiff's claims arose before the Chapter 7

14  bankruptcy petition was filed on July 9, 2010.  Yet plaintiff failed to list any of his

15  claims in the bankruptcy petition or schedules.  (RJN Exh. H).

16       Plaintiff's Schedule D, entitled "Creditors Holding Secured Claims", listed the

17  Wachovia Mortgage ("Wells Fargo") deed of trust.  Though the schedule includes a

18  column to "dispute" the listed claim, plaintiff did not check the "Disputed" box on

19  the schedule.  (RJN Exh. H - Schedule D).  Nor did plaintiff list his claims against

20  Wachovia Mortgage in Schedule B, which asked him to list:  "Other contingent and

21  unliquidated claims of every nature including … counterclaims of the debtor and

22  rights to set off claims…."  Plaintiff checked "none."  (Paragraph 21 of Schedule B

23  attached to the RJN as Exh. H).  Finally, paragraph 35 of Schedule B gave plaintiff a

24  third opportunity to list his claims against Wachovia Mortgage.  It asked him to list:

25  "Other personal property of any kind not already listed.  Itemize."  Plaintiff failed to

26  identify and list his claim against Wachovia Mortgage.  (RJN Exh. H).

27  / / /

28       Accordingly, plaintiff has no standing to prosecute these claims, as they would

1    have belonged to his Chapter 7 trustee.  Without standing to prosecute these claims,

2    Wachovia Mortgage's motion to dismiss should be granted without leave to amend.

3            **5.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA**

4        **A.    As a Federally Chartered Federal Savings Bank, World Savings**

5            **Bank, FSB Operated Under HOLA.**

6            Plaintiff obtained his home loan from World Savings Bank, FSB in May 2005.

7    (Comp. ¶8; Exhibit 1 to Complaint.)  World Savings Bank, FSB, which was renamed

8    Wachovia Mortgage, FSB and is now known as Wachovia Mortgage, a division of

9    Wells Fargo, Bank, N.A., was a federal savings bank regulated by the Office of

10   Thrift Supervision ("OTS").  (RJN, Exhs. A-E).  As such, Wachovia Mortgage was

11   organized and operated under the federal Home Owners' Loan Act ("HOLA").  12

12   U.S.C. § 1461, *et seq.*

13       **B.    OTS Regulations Promulgated Under HOLA Preempt Any State**

14           **Laws Which Affect Loan Origination, Disclosures and Lending**

15           **Regulations**

16            Through its regulatory authority, the OTS "occupies the entire field of lending

17   regulation for federal savings associations."  12 C.F.R. § 560.2.  OTS regulations

18   issued pursuant to HOLA are "intended to preempt all state laws purporting to

19   regulate any aspect of the lending operations of a federally chartered savings

20   association, whether or not OTS has adopted a regulation governing the precise

21   subpart of the state provision."  *Lopez v. World Savings & Loan Association*, 105

22   Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2.

23            Preemption analysis under HOLA is straightforward and simple, as the OTS

24   Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs.  Step one

25   involves determining whether the type of state law at issue appears on the list set

26   forth in 12 C.F.R. § 560.2(b).  That federal regulation lists the types of state laws that

27   HOLA preempts.  If the type of state law in question appears on the list, the analysis

28   ends there and the law is preempted.  There is no step two.  As the Ninth Circuit

observed in *Silvas v. E\*Trade Mortgage Corp*, 514 F. 3d 1001, 1004-05 (9th Cir., 2008), the OTS's construction of its own regulation 560.2 "must be given controlling weight" and the Court went on to declare that any presumption against preemption of state law does not apply to HOLA.  Any doubt should be resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal App. 4th 72, 76-77 (2007) (holding that state common law claims including fraud and unfair completion, based on pre-payment penalties, were barred by HOLA).

### C.   <u>Various Types of State Laws Preempted by HOLA</u>

Among the regulations that are "so pervasive as to leave no room for state regulatory control" are OTS regulations 560.2(b)(4), (9) and (10).  These regulations preempt state laws that "would impose requirements on federal savings banks regarding:"

> **The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due**, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan; 12 C.F.R. § 560.2(b)(4)

> **Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents** and laws requiring creditors to supply copies of credit reports to borrowers or applicants; 12 C.F.R. § 560.2(b)(9)

> **Processing, origination, servicing**, sale or purchase of, or investment or participation in, **mortgages**; . . . 12 C.F.R. § 560.2(b)(10)(emphases added).

/ / /
/ / /
/ / /
/ / /

1

**D.**    <u>**Plaintiff's State Law Claims Are Preempted by HOLA**</u>

2

     **1.**    <u>**Plaintiff's Claim for Wrongful Foreclosure and Dependent**</u>

3

        <u>**Breach of Contract Claim Are Preempted By HOLA**</u>

4

All of plaintiff's claims are based on the alleged violations of California *Civil*

5

*Code* § 2923.5 and § 2923.52.  All of these claims must fail. Claims based on

6

allegations of misconduct in connection with foreclosure proceedings clearly

7

involve the servicing and processing of a loan under § 560.2(b)(10) and thus are

8

preempted.

9

In *Stefan v. Wachovia, World Savings*, 2009 U.S. Dist. LEXIS 113480 *8-9

10

(N.D. Cal. December 7, 2009), the Court held:

11

> The relief Plaintiff seeks under state tort and contract laws are of

12

> general applicability and do not explicitly regulate lending
> activities.  To the extent that these state laws are applicable to the

13

> foreclosure process or the loan agreement itself, they are
> expressly preempted by section 560.2(b).  Specifically, Plaintiff's

14

> claims of misconduct surrounding the foreclosure proceedings

15

> clearly fall under the preemption provisions for "processing,
> origination, sale or purchase of . . . mortgages" and "disclosure,"

16

> . . .

17

18

The Court's decision in *Stefan* was cited with approval and followed in *DeLeon v.*

19

*Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 62499 (N.D. Cal. June 9, 2010).

20

The *DeLeon* Court held that the lender's alleged violation of California *Civil Code*

21

§ 2924 "by failing to give them [the borrower's] notice and to publish, post and

22

record said notice," was preempted under HOLA.  *DeLeon*, 2010 U.S. Dist. LEXIS

23

at *17.  The Court preempted plaintiffs' state law claims for "wrongful foreclosure,"

24

"cancellation of the trustee deed," violation of *Civil Code* § 2923.5 and quiet title.

25

*Id.*

26

In *Murillo v. Aurora Loan Services, LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D.

27

Cal. July 17, 2009), the court dismissed a § 2923.5 claim, with prejudice, that alleged

28

"Defendants failed to properly file a declaration with their notice of default."  The

1   district court held that "[a]s applied, Plaintiffs' § 2923.5 claim concerns the

2   processing and servicing of Plaintiffs' mortgage.  As such, the Court finds that

3   Plaintiffs' § 2923.5 claim is preempted under HOLA." *Murillo*, 2009 U.S. Dist.

4   LEXIS at *11.

5          Several district courts have recently relied on *Murillo*.  In *Odinma v. Aurora*

6   *Loan Services*, 2010 U.S. Dist. LEXIS 28347 (N.D. Cal. March 23, 2010), the

7   plaintiffs alleged that their lender violated *Civil Code* § 2923.5 by failing to provide

8   proper notices before initiating the foreclosure process.  The court held that a

9   § 2923.5 claim "concerns the processing and servicing of Plaintiff's mortgage and is

10  therefore preempted by HOLA." *Odinma*, 2010 U.S. Dist. LEXIS at *23.  *See also*,

11  *Nguyen v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 113246 at *28 (N.D. Cal.

12  October 25, 2010) (listing the federal district court decisions concluding that

13  § 2923.5 is preempted because the state law deals with contacting the borrower and

14  requires a specific declaration in the Notice of Default such that it falls 'squarely

15  within the scope of HOLA's Section 560.2(b)(10). . . . '").

16         After surveying these and other decisions, the court in *Taguinod v. World*

17  *Savings Bank*, 2010 U.S. Dist. LEXIS 127677 (C.D. Cal. December 2, 2010),

18  concluded that

19         A number of federal courts . . have held that § 2923.5 is

20         preempted by HOLA because it "falls squarely within the scope

21         of HOLA's Section 560.2(b)(10), which deals with the

22         '[p]rocessing, origination, servicing, sale or purchase of, or

23         investment or participation in, mortgages.'"

24          *Id.* at *19-20.

25         The *Taguinod* court noted that "[o]nly one California state court has

26  determined that § 2923.5 was not preempted by HOLA." *Id.* at *19 (citing *Mabry v.*

27  *Superior Court*, 185 Cal. App. 4th 208 (2010)).  But, like the *Nguyen* court, the

28  *Taguinod* court declined to follow *Mabry* because "it is evident that the

1  overwhelming weight of authority has held that a claim under § 2923.5 is preempted

2  by HOLA." *Id.* at *20.  Most recently, the court in *Giordano v. Wachovia Mortgage*

3  *FSB*, 2010 U.S. Dist. LEXIS 136284 at *13-*14 (N.D. Cal. Dec. 14, 2010) added to

4  this overwhelming weight of authority when it found that claims based on, *inter alia*,

5  Wachovia's alleged violation of Civil Code §§ 2923.5 and 2924 were preempted

6  under HOLA.

7      **2.**    **Plaintiff's State Law Claim For Cancellation of Notice of**

8            **Default and Other Foreclosure Documents is Preempted By**

9            **HOLA**

10      Plaintiff's claim for relief for cancellation of the Notice of Default is

11  preempted as it is premised upon allegations concerning processing, servicing and

12  origination of mortgages under section of 560.2(b)(10).

13      Various cases have held that cancellation of instruments and rescission claims

14  are preempted by HOLA.  In *Curcio v. Wachovia Mortg. Corp.*, 2009 U.S. Dist.

15  LEXIS 96155 at *17-18 (S.D. Cal. October 14, 2009), the District Court held that

16  cancellation of instrument and rescission claims were preempted by HOLA:

17        [E]ach state cause of action is premised upon allegations regarding

18        Defendant's lending obligations, including: terms of credit, 12

19        C.F.R. § 560.2(b)(4); disclosure, Id. § 560.2(b)(9); and processing,

      origination, and servicing of mortgages, Id. § 560.2(b)(10). "These

20        activities are matters committed by Congress to regulation by a

      federal agency." *Naulty v. Greenpoint Mortgage Funding, Inc.,*

21        2009 U.S. Dist. LEXIS 79250, at *14. Accordingly, the Court finds

22        Plaintiff's state causes of action are expressly preempted by 12

      C.F.R. § 560.2(b). The following causes of action are therefore

23        dismissed with prejudice: violation of Cal. Civ. Code § 2923.6;

24        violation of Cal. Civ. Code § 1788; Cal. Bus. & Prof. Code

      § 17200 et seq.; breach of implied covenant of good faith and fair

25        dealing; cancellation of instrument; quiet title; *accounting*;

26        unconscionability; *rescission in equity*; and unjust enrichment.

27  *Id*. at *17-18 (emphasis added).

28  / / /

1    In *Andrade v. Wachovia Mortgage*, *FSB*, 2009 U.S. Dist. LEXIS 34872 *6-9

2  (S.D. Cal. April 21, 2009), plaintiff asserted a variety of state law claims including

3  quiet title, fraud, and rescission.  The Court ruled that such claims were expressly

4  preempted by 12 C.F.R. § 560.2(b), reasoning that:

5    "Plaintiff's allegations revolve entirely around the 'processing, origination,

6    [and] servicing' of the Plaintiff's mortgage, including the 'terms of credit'

7    offered, the 'loan-related fees' charged, and the adequacy of disclosures

8    made by Defendants in soliciting and settling the loan. 12 C.F.R.

9    § 560.2(b)(4)(9)(10).  Because the state laws on which plaintiff relies, would

10   regulate lending activities expressly contemplated by § 560.2(b), the claims

11   are preempted."  *Id*. at *9.

12   **3.   Plaintiff's State Law Claim Regarding Violation of Business &**

13       **Professions Code § 17200 Is Preempted By HOLA**

14   In Plaintiff's claim for violation of *Business & Professions Code* § 17200, he

15  alleges that defendant engaged in "unlawful, unfair, and/or fraudulent" business

16  practices based on alleged violations of Civil Code § 2923.5 and § 2923.52.  (Comp.

17  ¶ 52.)   It is well-established that HOLA applies to unfair competition law claims

18  regardless of the claim for relief pleaded.

19   In *Garcia v. Wachovia Mortg. Corp.*, 676 F Supp.2d 895, 913 (C.D. Cal.

20  October 14, 2009), the plaintiff brought a state unfair competition claim, predicated

21  *inter alia* on the loan's negative amortization features and the lender's failure to

22  provide an adjustable rate disclosure notice.  The court held:  "Here, as argued by

23  Defendant, the claims relating to the loan's negative amortization features and teaser

24  rates, and failure to provide adjustable rate mortgage disclosure notice, brought

25  pursuant to California *Civil Code* § 1916.7 and/or '1916.7 10(c)' are preempted by

26  12 C.F.R. § 560.2(b)(4) and (b)(9). . . . To the extent Plaintiff makes claims relating

27  to inability to qualify for the loan she was given, these are preempted by 12 C.F.R.

28  § 560.2(b)(10).  The court can identify no state law claims alleged within the UCL

1  [Unfair Competition Law] claim that are not preempted by some portion of 12 C.F.R.

2  § 560.2(b)."  *Id.*  (emphasis added).

3      In *Weiss v. Washington Mutual Bank*, 147 Cal.App.4th 72 (2007), a

4  disgruntled borrower alleged that the loan terms were misrepresented by his broker,

5  and sued the bank for fraud, unfair business practices and unjust enrichment.  The

6  Court held that the claims were preempted by 12 C.F.R. § 560.2(b).  In *Camacho v.*

7  *Wachovia Mortgage, FSB*, 2009 U.S. Dist. LEXIS 102243, *12 (S.D. Cal. Nov. 3,

8  2009), plaintiff brought unfair competition claims based on the bank's alleged act of

9  placing plaintiff in a financially onerous mortgage.  The court found these claims

10 were preempted by § 560.2(b)(10).

11     This "overwhelming weight of authority" compels preemption of the claims in

12 this action.  Therefore, Wachovia respectfully requests that the Court grant this

13 motion to dismiss *without* leave to amend.  Plaintiff cannot "plead around" the fact

14 that his complaint is based on matters preempted by federal regulations.  Any

15 amendment would be futile.  *See Thinket Ink Info. Res., Inc. v. Sun Microsystems,*

16 *Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *Nguyen,* 2010 U.S. Dist. LEXIS 113246 at

17 *45 (dismissing preempted claims without leave to amend); *Giordano*, 2010 U.S.

18 Dist. LEXIS 136284 (same).

19     Notwithstanding preemption, plaintiff's claims are otherwise defective.

20 ## 6.   THE FIRST CLAIM FOR WRONGFUL FORECLOSURE FAILS

21     This purported claim relies on alleged violations of Civil Code § 2923.5 and

22 § 2923.52.  The reliance on the code sections is misplaced.

23     First, Civil Code § 2923.5 only applies to "mortgages or deeds of trust

24 recorded from January 1, 2003, to December 31, 2007, inclusive, that are secured by

25 owner-occupied residential real property . . . . 'owner-occupied' means that the

26 residence is the principal residence of the borrower as indicated to the lender in loan

27 documents." Cal. Civ. Code § 2923.5(i).  While plaintiff alleges in the complaint that

28 he owns and occupies the Property (Comp. ¶9), this allegation is refuted by the

W:\LITIG\95451\000576\00094998.DOC                    12

public record.  Specifically, on November 14, 2005, plaintiff deeded the Property from himself to an entity by the name of Zobar, LLC.  (Quit Claim Deed recorded November 22, 2005, RJN Exh. G.)  As the property is owned by Zobar, LLC, plaintiff cannot claim that the property is owner-occupied and the claim for violation of section 2923.5 fails.  See *Figueiredo v. Aurora Loan*, 2010 U.S. Dist. LEXIS 23646  (N.D. Cal. Mar. 15, 2010), holding that the failure to allege owner-occupancy was fatal to plaintiff's claim for violation of section 2923.5, and granting the motion to dismiss without leave to amend.  *Figueiredo* at *2-3.

Further, even assuming section 2923.5 applies, Wachovia has complied with the provisions of section 2923.5.  The NOD (RJN, Exh. H), contains the following declaration regarding section 2923.5: "Wells Fargo Bank, N.A., has tried with due diligence, as prescribed by California Civil Code Section 2923.5(g), to contact the borrower."  In *Mabry v. Superior Court,* 185 Cal.App.4th 208 (2010), the court approved a declaration of compliance that tracks the language of the statute: "(b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." *Mabry*, 185 Cal.App.4th at 232-233.  Wachovia's declaration in the NOD tracks the language of the statute and complies with section 2923.5.  Furthermore, there is no allegation in the complaint that Wachovia failed to communicate with plaintiff to discuss his loan and foreclosure avoidance in the manner prescribed by section 2923.5 and the *Mabry* decision.  Plaintiff does not have a cause of action for damages based on section 2923.5.[1]  *Mabry*, 185 Cal.App.4th at 231-232, 235.

---

[1] Nor does section 2923.5 require Wachovia to offer a modification.  In *Mabry supra* ,the court stated that there is no right to a loan modification under section 2923.5.  *Id*. at 231 ("As mentioned above, there is no right, for example, under the statute, to a loan modification.").  *Mabry* held that section 2923.5 requires very basic activity by the lender consisting of asking the borrower "why can't you make your payments," and then informing the borrower about the traditional means of avoiding foreclosure: deed in lieu, workouts or short sales.  *Mabry*, *supra*, 185 Cal.App.4th at 232.

1    This cause of action also purports to rely on Civil Code § 2923.52, which is

2   part of California's Foreclosure Prevention Act (the "Act").   Plaintiff alleges he was

3   improperly denied a modification.   There are many problems with this claim.   First,

4   as the complaint alleges, Wachovia is exempt from the Act.   (Comp. ¶ 21-23).   The

5   complaint suggests that Wachovia somehow made a false representation in obtaining

6   its exemption because plaintiff was denied a loan modification.   In other words,

7   plaintiff wants to exercise a private right of action to challenge Wachovia's

8   exemption retroactively.   However, there is no private right of action set forth in the

9   Act.   In fact, section 2923.53 provides for an *administrative* remedy:   "Any person

10   who violates any provision of this section or Section 2923.52 shall be deemed to

11   have violated his or her license law as it relates to these provisions."   *Id*.   Nor should

12   the Court imply such a private right of action.   Unless a statute provides in clear and

13   direct language for a private right of action, a court should not presume the existence

14   of such a right.   *Crusader Ins. Co. v. Scottsdale Ins. Co*., 54 Cal.App.4th 121, 132

15   (1997).   There is no language in the Act suggesting that there is a private right of

16   action to challenge a lender's exemption on a case by case basis.   No private right of

17   action should be implied.

18    Even if there were a private right to sue, plaintiff has failed to allege sufficient

19   facts to state a cause of action.   The complaint fails to allege facts establishing that

20   the Act applies to plaintiff's loan.   The complaint is silent as to the terms of

21   plaintiff's existing loan; the value of the property; and whether the anticipated

22   recovery from a loan modification exceeds the anticipated recovery from foreclosure,

23   all of which are criterion for a modification under the Act.   There are no allegations

24   establishing plaintiff's financial circumstances and whether he would be willing and

25   able to make payments under any such modification as required by the section.

---

The court in Mabry made clear that section 2923.5 does not require the lender "to consider a whole new loan application or take detailed loan application information...."   *Mabry*, *supra*, 185 Cal.App.4th at 232.

1    These crucial missing allegations violate the rule that causes of action based on a

2    statute must be pled with particularity. *Covenant Care, Inc. v. Superior Court*, 32

3    Cal.4th 771, 790 (2004); *Lopez v. Southern Cal. Rapid Trans. Dist*., 40 Cal.3d 780,

4    795 (1985).  Accordingly, even if there were a private right of action to challenge

5    Wachovia's exemption, plaintiff would still fail to state a viable claim for relief.

6           Furthermore, in order to maintain any type of wrongful foreclosure claim, a

7    plaintiff must establish he has tendered the full amount of the indebtedness.  *See*

8    *Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996); *Arnolds*

9    *Management Corp. v. Eischen*, 158 Cal.App.3d 575, 579 (1984) ("A cause of action

10   'implicitly integrated' with the irregular sale fails unless the trustor can allege and

11   establish a valid tender.").  A complaint that does not allege a tender does not state a

12   cause of action and the sale becomes the final adjudication of the parties' rights.

13   *McElroy v. Chase Manhattan Mortgage Corp.*, 134 Cal.App.4th 388 (2005).

14   *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 121 (1971), citing *Smith*

15   *v. Allen*, 68 Cal.2d 93 (1968) ("Absent an effective and valid tender, the sale became

16   valid and proper").   Plaintiff has not alleged a tender and therefore has no cause of

17   action.

18       **7.    THE SECOND CLAIM FOR BREACH OF CONTRACT FAILS**

19                        **FOR SIMILAR REASONS**

20          Plaintiff also tries to state a contract claim on the same two statutes, Civil

21   Code §§ 2923.5 and the Act.  A cause of action for breach of contract requires

22   allegations establishing: (1) the contract; (2) plaintiff's performance or excuse for

23   nonperformance; (3) defendant's breach; and (4) resulting damage to plaintiff. *Wise*

24   *v. Southern Pacific Co.*, 223 Cal.App.2d 50, 59 (1963).  A breach of contract cause

25   of action must be specifically pled.  *Levy v. State Farm Mutual Automobile Ins*., 150

26   Cal.App.4th 1, 5-6 (2007) ("Facts alleging a breach, like all essential elements of a

27   breach of contract cause of action, must be pleaded with specificity.").  This claim

28   fails for several reasons.

First, the two statutes in question do not give rise to a cause of action.  As briefed above, Wachovia is exempt from the Act.  Furthermore, plaintiff does not have a cause of action for damages under section 2923.5.  *Mabry*, *supra*, 185 Cal.App.4th at 231-232, 235.

Second, plaintiff fails to allege the existence of any contract with Wachovia in which it promised to follow the requirements of Civil Code § 2923.5 and the Act, neither of which were in existence when plaintiff obtained his loan in May 2005.  The complaint cites section 15 of the DOT.  However, section 15 does not mention either of the statutes in question, nor does it state that the DOT is to be construed under California law as the complaint suggests.  (Comp. ¶ 41).  Rather, section 15 states "the security instrument and the secured notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction which the Property is located."  (Comp. Ex. 1, § 15).  As briefed above, section 2923.5 and the Act, as plaintiff seeks to apply them (and assuming there is a private right of action under the Act), are preempted by HOLA.

Plaintiff has not, and cannot, state a viable cause of action for breach of contract.

**8.    THE THIRD CAUSE OF ACTION FOR CANCELLATION OF THE NOTICE OF DEFAULT AND SUBSEQUENT FORECLOSURE DOCUMENTS LIKEWISE FAILS**

This purported claim is based on the same fatally flawed allegations concerning Civil Code § 2923.5 and the Act that form the basis for the first two claims for relief.  It therefore fails for the same reasons.  Additionally, it is well-established California law that for any type of wrongful foreclosure claim, the debtor must make a valid and viable tender of the indebtedness.  *Karlsen v. American Savings & Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971).  A complaint that does not

1   allege such a tender does not state a cause of action.  *McElroy v. Chase Manhattan*

2   *Mortgage Corp.*, 134 Cal.App.4th 388 (2005).  Plaintiff has not alleged a tender, and

3   has not stated a viable claim for cancellation of the Notice of Default and subsequent

4   foreclosure documents.

## 9.   THE FOURTH CAUSE OF ACTION UNDER BUSINESS & PROFESSIONS CODE § 17200 IS BASED ON THE SAME DEFECTIVE ALLEGATIONS

8         A claim under section 17200 must "state with reasonable particularity the facts

9   supporting the statutory elements of the violation."  *Khoury v. Maly's of California,*

10  *Inc.*, 14 Cal.App.4th 612, 619 (1993).  If the plaintiff cannot plead a violation of a

11  law on which his section 17200 claim is based, then his section 17200 claim also

12  fails.  *Ingels v. Westwood One BroadCasting Services, Inc.,* 129 Cal.App.4th 1050,

13  1060 (2005).   A section 17200 claim must allege that the conduct proximately

14  caused the plaintiff to suffer an actual loss of money or property.  *Hall v.  Time, Inc.*,

15  158 Cal. App. 4th 847 (2008).

16        Here, plaintiff has not alleged a predicate act or course of conduct.  This claim

17  is based on the same fatally flawed allegations concerning Civil Code § 2923.5 and

18  the Act on which the rest of the complaint is based, and fails for the same reasons.

19        A defense unique to the UCL is that a § 17200 claim "cannot be used to state a

20  cause of action the gist of which is absolutely barred under some other principle of

21  law."  *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal.4th 553, 566 (1998).

22  Following *Stop Youth Addiction*, the court addressed the contours of this defense in

23  even more detail.  In *Cel-Tech Communications, Inc. v. Los Angeles Cellular*

24  *Telephone Co.*, 20 Cal.4th 163 (1999), the Supreme Court observed that "[a]lthough

25  the [UCL's] scope is sweeping, it is not unlimited. Courts may not simply impose

26  their own notions of the day as to what is fair or unfair."  20 Cal.4th at 182.  As the

27  Supreme Court noted, "the resulting immunity [conferred by some other law] should

28  not evaporate merely because the plaintiff discovers a conveniently different label for

1   pleading what is in substance an identical grievance arising from identical conduct ...
2   We thus conclude that a plaintiff may not bring an action under the unfair
3   competition law if some other provision bars it."  20 Cal.4th at 184; *see also Chabner*
4   *v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) holding:  "A
5   court may not allow a plaintiff to 'plead around an absolute bar to relief simply by
6   recasting the cause of action as one for unfair competition'".

7           Here, plaintiff relies on defective statutory claims to support the UCL Claim.
8   (Comp.  ¶52.)  Namely, plaintiff alleges violation of California Civil Code § 2923.5
9   and § 2923.52.

10          Plaintiff's UCL claim is also defective because it improperly seeks the
11  recovery of damages.  In his prayer for relief under the fourth claim for unfair
12  business practices, plaintiff seeks "a compensatory damage award according to
13  proof."   Damages are not recoverable for violation of § 17200.  *Bank of the West v.*
14  *Sup.Ct.,* 2 Cal.4th 1254, 1266 (1992) ("damages are not available under section
15  17203.")  *See also Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,
16  20 Cal.4th 163 (1999) ("Plaintiffs may not receive damages, ... or attorney fees").
17  Federal courts have similarly disallowed damages under § 17200.  *See*, *Cacique, Inc.*
18  *v. Robert Reiser & Co.*, 169 F.3d 619, 624 (9th Cir. 1999) (cannot use § 17200 in
19  trade secret action to recover royalties).

20          Based on the foregoing, plaintiff's UCL claim fails and should be dismissed
21  with prejudice.

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1

## 10.  <u>CONCLUSION</u>

2        For each of the foregoing reasons, Wachovia requests an order granting its

3 motion to dismiss with prejudice on the grounds that any amendment would be futile.

4 *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir.

5 2004).

6                                Respectfully submitted,

7 Dated: January 19, 2011      ANGLIN, FLEWELLING, RASMUSSEN,

8                              CAMPBELL & TRYTTEN LLP

9

10                      By:   /s/ Matthew J. Pero

11                          Matthew J. Pero

Attorneys for Defendant

12 Wachovia Mortgage, a division of

Wells Fargo Bank, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the following document entitled:

**NOTICE OF MOTION AND MOTION BY DEFENDANT WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., TO DISMISS COMPLAINT UNDER FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

on all interested parties in said case addressed as follows:

**Served Electronically via Court's CM/ECF System:**

*Counsel for Plaintiff*

Moses S. Hall, Esq.
LAW OFFICES OF MOSES S. HALL
2651 E. Chapman Avenue, Suite 110
Fullerton, CA 92831
Tel: (714) 738-4830
Fax: (714) 992-7916
hralaw@yahoo.com

☐ **BY MAIL:** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on **January 19, 2011.**

| Nancy J. Peters | /s/ Nancy J. Peters |
|---|---|
| (Print name) | (Signature) |

W:\LITIG\95451\000576\00094998.DOC